IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURT GUMBS and KHEA GUMBS,<br><br>        Plaintiffs,<br><br>   v.<br><br>LITTON LOAN SERVICING, ARGENT MORTGAGE COMPANY, LLC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-CB8, QUALITY LOAN SERVICE CORP., AMERICAN DISCOUNT MORTGAGE INC., TOM ZUMMO, LETRIFFA CRAWLEY,<br><br>        Defendants. | 2:09-cv-01159-GEB-GGH<br><br>ORDER GRANTING EACH DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT[*] |

On July 15, 2009 Defendants filed motions to dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted.  For the following reasons, each Defendant's dismissal motion is granted.

Plaintiffs' allegations in their Complaint fail to comply with Federal Rule of Civil Procedure 8(a) which requires a pleading stating a claim for relief to "contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 78-230(h).

1

plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Under Rule 8(d), "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even if the factual elements of the claim are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." Id. at 1179. Rule 8(d) "requir[es] each averment of a pleading to be simple, concise, and direct, . . . and is a basis for dismissal independent of Rule 12(b)(6)." Id. (citing Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).

Additionally, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Id.

Here, Plaintiffs' Complaint does not comply with either Rule 8 or Rule 10. Plaintiffs' Complaint is not organized in numbered paragraphs as Rule 10 requires. Instead, it is divided into sections up to six pages long. Furthermore, it appears that Plaintiffs have made no attempt to limit each claim to a single set of circumstances. Instead, Plaintiffs' Complaint repeatedly lumps all Defendants together while making vague and ambiguous allegations. See, e.g., First Amended Complaint ("FAC") 16:25-26 ("Defendants . . . have made several representations to Plaintiffs with regard to material facts");

17:18-19 ("Defendants committed unlawful, unfair, and/or fraudulent business practices"); 12:23-24 ("Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law"); 14:22-26 ("due to the conspiratorial nature of the misdeeds alleged herein. . . these allegations are made as to all Defendants").  Since Plaintiffs' Complaint appears to base its claims on events taking place over three years, and asserts claims against a diverse group of defendants alleged to have played a variety of roles in the loan and collection process, these allegations fail to set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry, 84 F.3d at 1178.

Contributing to the lack of clarity in Plaintiffs' Complaint are repeated references to a nationwide "scheme" "beginning in 1998" to "churn[] loans" and "artificially driv[e] up housing prices" (FAC 4:11-13, 5:1-4) without a sufficient explanation of the relevancy of these allegations to a claim in Plaintiffs' Complaint.  See also, Pl.'s Opp'n 1:10 ("Mortgage lending today no longer resembles Jimmy Stewart's 'It's a Wonderful Life.'").

Further, it is unclear whether Plaintiffs allege any claims against U.S. Bank.  U.S. Bank is listed in the caption of Plaintiffs' Complaint, and several claims are asserted against "All Defendants," yet nothing else is said about U.S. Bank in the entire Complaint aside from the following vague statements:

- "Plaintiffs. . . allege[] that. . . U.S. Bank. . . [is a] diversified financial marketing and/or servicing corporation engaged primarily in residential mortgage banking and/or related businesses."  (FAC 3:4-9.)

- "U.S. Bank. . . breached their duty to Plaintiffs by their failure to perform acts in such a manner as to not cause Plaintiffs harm." (FAC 13:24-14:1.)

Therefore, Plaintiffs' Complaint fails to comply with the pleading requirements in Rules 8 and 10; each Defendant's motion to dismiss is GRANTED and Plaintiffs' Complaint is dismissed. However, Plaintiffs are granted ten (10) days from the date on which this Order is filed within which to file a second amended complaint curing any deficiency in a claim addressed above.

Dated:  October 6, 2009

*/s/ Garland E. Burrell, Jr.*
GARLAND E. BURRELL, JR.
United States District Judge