IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURT GUMBS and KHEA GUMBS, | ) | |
| Plaintiffs, | ) | 2:09-cv-01159-GEB-GGH |
| v. | ) | ORDER GRANTING IN PART AND |
| LITTON LOAN SERVICING; ARGENT MORTGAGE COMPANY, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-CB8; QUALITY LOAN SERVICE CORP.; AMERICAN DISCOUNT MORTGAGE INC.; TOM ZUMMO; and LETRIFFA CRAWLEY, | ) ) ) ) ) ) ) ) ) | DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS[*] |
| Defendants. | ) | |

Defendants Litton Loan Servicing ("Litton Loan") and U.S. Bank National Association as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB8 ("U.S. Bank") filed a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"), under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 35.) Defendant Argent Mortgage Company, LLC ("Argent") also filed a Rule 12(b)(6) dismissal motion. (Docket No. 38.) Plaintiffs filed late oppositions to both motions.

_____

[*]    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I.  FACTUAL ALLEGATIONS AND PLAINTIFFS' CLAIMS

Plaintiffs factual allegations and claims in the SAC are the following.  In April 2006, Plaintiffs met with American Discount Mortgage, Inc. ("American Discount") loan officer Letriffa A. Crawley ("Crawley") and real estate broker Tom Zummo ("Zummo") to discuss refinancing their residential property located at 1557 Sophie Lane, Escalon in San Joaquin County, California (the "Property").  (SAC ¶ 27.)  Crawley advised Plaintiffs she could refinance their home with the "best deal" and the "best interest rates" available on the market. (Id. ¶¶ 27-28.)  Crawley assured Plaintiffs their income was sufficient to support the loan, and that if the loan ever became unaffordable, she would refinance the loan.  (Id. ¶ 29.)  Crawley overstated Plaintiffs' income on the loan application without Plaintiffs' knowledge or permission.  (Id. ¶ 30.)  Plaintiffs allege they qualified as "prime" borrowers; however, Crawley classified Plaintiffs as "sub-prime" borrowers and failed to "disclose [to Plaintiffs] other loan program options."  (Id. ¶¶ 32-33)  Crawley sold Plaintiffs a loan for $494,000 with an adjustable interest rate "from 7.4% to 13.4% and [with] a prepayment penalty and a balloon payment." (SAC ¶ 35.)

Plaintiffs completed the loan transaction on or about May 26, 2006.  (Id. ¶ 40.)  The terms of the loan were memorialized in a promissory note, which was secured by a Deed of Trust.  (Id.)  The Deed of Trust identified Town and Country Title Service, Inc. as trustee and Argent as Lender.  (Id.)

Plaintiffs were not given a copy of the loan documents prior to closing as required, and at the time of closing, Plaintiffs were rushed to signed the documents.  (Id. ¶ 38.)  The loan documents were

never explained to Plaintiffs, Plaintiffs were never given an opportunity to review them, and Plaintiffs never received the required copies of the notice of cancellation.  (SAC ¶ 38.)

Following the closing of Plaintiffs' loan, Litton Loan began demanding mortgage payments.  (Id. ¶ 41)  Litton Loan never notified Plaintiffs it had acquired servicing rights on the loan.  (Id.)  Plaintiffs remitted payments to Litton Loan ranging from "$3,370.39 to $3,701.19."  (Id. ¶ 42)

"On or about May 14, 2007, a handwritten 'Corporation Assignment of Deed of Trust' was recorded with the San Joaquin County Recorder . . . transferring the beneficial interest in Plaintiffs' Deed of Trust to [U.S. Bank], signed by Mali Wright - Agent [sic]."  (Id. ¶ 43.)  This assignment was "back dated" to May 26, 2006.  (Id.)  On June 25, 2008, Laura Bursey executed an Assignment of Deed of Trust on behalf of Argent, assigning Argent's interest to U.S. Bank.  (Id. ¶ 45.)  This Assignment was recorded with the San Joaquin County recorder on August 6, 2008.  (SAC ¶ 45.)

On June 26, 2008, Quality Loan Service Corporation ("Quality") recorded a Notice of Default with the San Joaquin County Recorder.  (Id. ¶ 44)  On August 13, 2008, Quality recorded a rescission of the June 26, 2008 Notice of Default.  On January 7, 2009, Quality recorded a second Notice of Default and Election to Sell Under Deed of Trust.  (Id. ¶ 47.)  On "April 9, 2009 and again on August 6, 2009, [Quality] recorded two different Notices of Trustee's Sale."  (Id. ¶ 48.)  Plaintiffs allege Quality has never explained "when, how or under what authority [it] became a substitute Trustee or an agent for the [b]eneficiary" entitled to record a Notice of Default or Notice of Trustee's Sale.  (Id. ¶¶ 44, 47-48.)

1    Plaintiffs sent a Qualified Written Request ("QWR") to
2  Litton Loan under the Real Estate Settlement Procedures Act ("RESPA")
3  on April 23, 2009, in which Plaintiffs requested information regarding
4  the loan and demanded rescission of the loan under the Truth in
5  Lending Act ("TILA").  (Id. ¶ 49)  Litton Loan responded on May 29,
6  2009, identifying Argent as the "holder and owner of Plaintiffs'
7  Note."  (Id. ¶ 50)

8    Plaintiffs allege the following eight claims against Argent:
9  (1) violation of TILA, 15 U.S.C. §§ 1601, et seq.; (2) violation of
10  RESPA, 12 U.S.C. §§ 2601, et seq.; (3) negligence; (4) breach of
11  fiduciary duty; (5) fraud; (6) violation of California Business and
12  Professions Code § 17200; (7) breach of contract; and (8) breach of
13  the implied covenant of good faith and fair dealing.  Plaintiffs
14  allege the following four claims against U.S. Bank: (1) negligence;
15  (2) fraud; (3) violation of California Business and Professions Code §
16  17200; and (4) wrongful foreclosure.  Plaintiffs allege the following
17  six claims against Litton Loan: (1) violation of the California
18  Rosenthal Act, California Civil Code §§ 1788, et seq.; (2) negligence;
19  (3) violation of RESPA, 12 U.S.C. §§ 2601, et seq.; (4) fraud; (5)
20  violation of California Business and Professions Code § 17200; and (6)
21  wrongful foreclosure.

22            **II.  Legal Standard**

23    A Rule 12(b)(6) motion "challenges a complaint's compliance
24  with . . . pleading requirements."  Champlaie v. BAC Home Loans
25  Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.
26  Cal. Oct. 22, 2009).  A pleading must contain "a short and plain
27  statement of the claim showing that the pleader is entitled to relief
28  . . . ."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the

4

defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully."  Id.  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff."  Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth.  See Iqbal, 129 S. Ct. at 1949-50.

//

//

//

//

III.   Analysis

A.   Plaintiffs' TILA Claim

　　1.   Plaintiffs' Claim for Damages Under TILA

　　　　Argent seeks dismissal of the civil damages portion of Plaintiffs' TILA claim, arguing, inter alia, it is time barred. (Argent Mot. to Dismiss ("Argent Mot.") 8:1-5.)  Argent further argues "no basis for equitable tolling exists." (Id. 9:10-16.)  Plaintiffs rejoin they have plead sufficient facts to show that the statute of limitations period should be equitably tolled.  (Plts.' Opp'n to Argent Mot. ("Opp'n to Argent Mot.") 10:19-12:1.)

　　　　An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  "[A]s a general rule[,] [this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). "Consummation" is defined under TILA as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).  However, the doctrine of equitable tolling may "suspend the limitations period" "in certain circumstances," such as where the allegations in the complaint permit a reasonable inference that the borrower did not have a reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of the plaintiff's TILA claim.  Id. at 914-15; Al-Kidd, 580 F.3d at 956.

　　　　Plaintiffs allege the TILA violations occurred on May 26, 2006, the date Plaintiffs entered into the loan agreement with Defendants and consummated the loan transaction. (SAC ¶ 40.)  Since Plaintiffs did not bring their TILA damages claim until April 28,

2009, which is well over one year after the May 26, 2006 date on which the loan transaction was consummated, Plaintiffs brought this claim after the one-year statute of limitations period.  Plaintiffs argue in their Opposition to Argent's motion that they are entitled to equitable tolling.  However, Plaintiffs fail to cite to any allegations in their SAC which would permit drawing a reasonable inference that they did not have an opportunity to discover the alleged fraud or nondisclosure that forms the basis of their TILA damages claim before the limitations period expired.  Therefore, Argent's motion to dismiss Plaintiffs' TILA damages claim is granted.

**2. Plaintiffs' Claim for Rescission Under TILA**

Argent also seeks dismissal of Plaintiffs' TILA claim for rescission, arguing "Plaintiffs have failed to allege if Argent is the current owner of the loan, which it is not."  (Argent Mot. 9:19-20.) Plaintiffs counter they have pleaded "the various transfers among and between the defendants have so obscured title that discovery is necessary to determine who, if anyone, is entitled to payment on the loan."  (Opp'n to Argent Mot. 12:4-7.)

Plaintiffs allege in their SAC that Argent "was the original lender for Plaintiffs' residential loan" and that Argent has not successfully transferred its ownership interest in the loan.  (SAC ¶¶ 9, 43, 45.)  Argent has not demonstrated that Plaintiffs' allegations are insufficient to support drawing the inference that Argent is the current owner of the loan.  Therefore, Argent's motion to dismiss Plaintiffs' TILA rescission claim is denied.

**B.  Plaintiffs' California Rosenthal Act Claim**

Litton Loan seeks dismissal of Plaintiffs' claim in which Plaintiffs allege Litton Loan violated the California Rosenthal Act,

arguing "the SAC pleads conclusions, but no facts, to support
Plaintiffs' theories of liability."  (Litton Loan and U.S. Bank's Mot.
to Dismiss ("Defs.' Mot.") 15:3-5.)  Plaintiffs counter they "have
sufficiently plead[ed] a factual basis for their Rosenthal claim."
(Plts.' Opp'n to Defs.' Mot. ("Plts.' Opp'n") 17:9-10.)

        The Rosenthal Act serves to "prohibit debt collectors from
engaging in unfair or deceptive acts or practices in the collection of
consumer debts and to require debtors to act fairly in entering into
and honoring such debts."  Arikat v. JP Morgan Chase & Co., 430 F.
Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civ. Code § 1788.1)
(emphasis omitted).

        Plaintiffs' SAC alleges Litton Loan "is a debt collector
within the meaning of the Rosenthal Act in that [it] regularly, in the
course of [its] business . . . engage[s] in the collection of debt."
(SAC ¶ 84.)  Plaintiffs also allege Litton Loan "used unfair and
unconscionable means to collect a debt not owed to [Litton Loan] by
sending deceptive letters and making phone calls to Plaintiffs
demanding payment."  (Id. ¶ 85.)  Plaintiffs further allege "Litton
Loan made false reports to credit reporting agencies about Plaintiffs'
credit standing, falsely stating the amount of Plaintiffs' mortgage
debt, falsely stating that a debt was owed to [Litton Loan, and]
falsely stating Plaintiff's payment history."  (Id. ¶ 86.)  Finally,
Plaintiffs allege Litton Loan "increased the amount of Plaintiffs'
mortgage debt by stating amounts not permitted by law or contract,
including, but not limited to, inspection fees, excessive service
fees, attorneys' fees, and late charges."  (Id. ¶ 87.)  Litton Loan
has failed to show how these allegations are insufficient to state a
claim under the Rosenthal Act.  Plaintiffs have alleged Litton Loan is

a debt collector under the statute and have identified specific acts
Litton Loan allegedly committed in violation of the statute.

Litton Loan further argues Plaintiffs' Rosenthal Act claim
fails because "conduct arising out of a foreclosure proceeding is not
governed by the Rosenthal Act." (Defs.' Mot. 16:2-3.), citing as
authority Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, (C.D.
Cal. 2008) (finding defendant was not "collecting a debt" when it
sought to foreclose on property); Inez v. Countrywide Home Loans,
Inc., No. 08cv1267 WQH (NLS), 2009 WL 4791863, at *1-*3 (S.D. Cal.
Nov. 3, 2008) (finding plaintiff's allegation they were being
"wrongfully ousted" was not "debt collection" under the Rosenthal
Act); and Walker v. Equity 1 Lenders Group, No. 09cv325 WQH (AJB),
2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) (finding the
allegations in the complaint "support that Defendants were foreclosing
on the property" and not collecting a debt within the meaning of the
Rosenthal Act).  However, the cases cited by Litton Loan stand for the
proposition that foreclosure pursuant to a Deed of Trust does not
constitute "debt collection."  Here, Plaintiffs' Rosenthal Act claim
does not concern a foreclosure pursuant to a Deed of Trust; rather
Plaintiffs allege that Litton Loan made deceptive phone calls, sent
letters, and engaged in unlawful acts in an attempt to collect a debt
it was not lawfully owed.  See, e.g., Azzini v. Countrywide Home
Loans, No. 09cv787 DMS (CAB), 2010 WL 962856, at *3 (S.D. Cal. March
15, 2010) (rejecting similar argument in denying motion to dismiss
Rosenthal Act claim).  Therefore, Litton Loan's arguments do not
justify dismissal of Plaintiffs' Rosenthal Act claim, and this portion
of the motion is denied.
//

**C.   Plaintiffs' Negligence Claim**

Defendants Argent, Litton Loan, and U.S. Bank each seek dismissal of Plaintiffs' negligence claim, arguing Plaintiffs have not alleged facts showing Defendants exceeded their respective roles as lender, loan servicer, or assignee.  (Argent Mot. 10:7-12; Defs.' Mot. 17:11-12.)  Plaintiffs rejoin "a general duty not to harm another is owed to everyone."  (Opp'n to Argent Mot. 13:4; Plts.' Opp'n 17:15.)

"The elements of a cause of action for negligence are: the defendant had a duty to use due care, . . . he or she breached that duty, and . . . the breach was the proximate or legal cause of the [plaintiffs'] resulting injur[ies]."  Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004).  "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another . . . .  Whether this essential prerequisite has been satisfied in a particular case is a question of law."  Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1196-97 (9th Cir. 2001) (quotations and citations omitted) (applying California law). "Under California law, 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'"  Bledea v. Indymac Fed. Bank, No. CIV S-09-1239 LKK/GGH, 2010 WL 715255, at *9 (E.D. Cal. Feb. 25, 2010) (citing and quoting Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991)).  "Thus, for a lender . . . to owe a duty of care, the lender's activities must have exceeded those of a conventional lender or the activities must fit within some exception to the 'general' rule."  Id. (citations omitted).  This rule also applies to loan servicers.  Azzini, 2009 WL 5218042, at *2; Shepherd

v. Am. Home Mortg. Services, Inc., No. Civ. 2:09-1916 WBS GGH, 2009 WL
4505925, at *2 (E.D. Cal. Nov. 20, 2009).  However, a lender may be
held vicariously liable for negligence "when the lender actively
participates in the negotiations of a loan, including through a broker
as the lender's agent."  Mangindin v. Washington Mut. Bank, 637 F.
Supp. 2d 700, 710 (N.D. Cal. 2009) (quotations and citations omitted);
see also Wong v. Am. Servicing Co., No. 2:09-cv-01506, 2009 WL 5113516
FCD/DAD, at *6 (E.D. Cal. Dec. 18, 2009) ("A lender may also be
secondarily liable through the actions of a mortgage broker, who has a
fiduciary duty to its borrower-client, if there is an agency
relationship between the lender and the broker.").

         Plaintiffs allege Argent "directly ordered, authorized and
participated in [the brokers'] conduct."  (SAC ¶ 94.)  Plaintiffs
further allege "Argent breached its duty of care to the Plaintiffs
when it failed to make the required disclosures to the Plaintiffs,
failed to maintain the original [m]ortgage note, and failed to
properly assign or transfer the negotiable instrument(s)."  (Id.)
Plaintiffs allege Litton Loan "breached its duty of care to the
Plaintiffs when it took payments to which it was not entitled, charged
fees it was not entitled to charge, and wrongfully made or otherwise
authorized negative reporting of Plaintiffs' creditworthiness to
various credit bureaus."  (Id. ¶ 95.)  Finally, Plaintiffs allege U.S.
Bank "breached its duty to Plaintiffs when it failed to receive,
maintain or transfer the negotiable instrument related to Plaintiffs'
loan, communicated false information to others regarding Plaintiffs'
loan, and authorized others to collect payments on Plaintiffs'
mortgage and commence foreclosure proceedings."  (Id. ¶ 96.)
//

These conclusory allegations are insufficient to show that the Defendants' activities "exceeded those of a conventional lender[, servicer, or assignee]." <u>Bledea</u>, 2010 WL 715255, at *9. "As to the allegations regarding maintenance of the original note and creation of original documents, these are normal activities for a lender, and there is no special reason to impose a duty of care here." <u>Id.</u> at *10. Moreover, "taking payments, charging fees, and reporting on creditworthiness are conventional activities for a lender." <u>Id.</u> These bare allegations do not show reason to depart from <u>Nymark</u>'s general rule and impose a negligence duty of care "with respect to these activities. Even assuming, however, that such a duty of care exists, plaintiffs' allegations do not indicate that any of these acts were a breach of said duty." <u>Id.</u> Moreover, as to the allegations regarding failure to make the required disclosures, Plaintiffs do not identify which disclosures Argent failed to make, how Argent failed to "make" them, and how this failure establishes a "special relationship giving rise to a duty between Plaintiff[s] and the lender." <u>Sorenson v. Countrywide Home Loans, Inc.</u>, No. 2:09-cv-01943-MCE-KJM, 2010 WL 308794, at *5 (E.D. Cal. Jan. 12, 2010) (dismissing identical allegations for failure to "plead any action beyond the domain of a usual money lender which would create . . . a duty"). Finally, Plaintiffs have not alleged facts demonstrating that an agency relationship existed between these Defendants and the broker Defendants who sold Plaintiffs their loan. Plaintiffs allege Defendants Zummo and Crawley sold them their loan and that they were the real estate broker and loan officer for American Discount. (SAC ¶¶ 12-14.) However, Plaintiffs have not alleged the existence of an agency relationship between Zummo, Crawley, and American Discount and

Argent, Litton Loan, and U.S. Bank.  Therefore, Plaintiffs' negligence
claim is dismissed.

**D.   Plaintiffs' RESPA Claim**

Defendants Argent and Litton Loan each seek dismissal of
Plaintiffs' RESPA claim, arguing Plaintiffs have not alleged they
suffered actual damages; Plaintiffs have not sufficiently alleged they
sent a QWR to these Defendants; and the claim is insufficiently
pleaded.  (Defs.' Mot. 9:3, 10:3, 11:19-20; Argent Mot. 12:9-21.)
Plaintiffs respond they have sufficiently pleaded their RESPA claims.

Plaintiffs allege in their SAC that Argent and Litton Loan
violated RESPA "at the time of the closing of the [l]oan . . . by
failing to correctly and accurately comply with the disclosure
requirements of [RESPA]."  (SAC ¶ 102.)  Section 2603 of RESPA
requires that lenders provide borrowers with a standard disclosure
form at or before the "settlement" of a mortgage loan transaction.  12
U.S.C. § 2603(b).  The disclosure form is required to "conspicuously
and clearly itemize all charges imposed upon the borrower and . . .
the seller . . . in connection with the settlement . . . ."  12 U.S.C.
§ 2603(a).  RESPA also requires that lenders and loan servicers make
certain disclosures and communications to the borrower regarding the
servicing of a mortgage loan.  See 12 U.S.C. § 2605(e)(1)(A) ("If any
servicer of a federally related mortgage loan receives a [QWR] from
the borrower for information *relating to the servicing of such loan*,
the servicer shall provide a written response acknowledging receipt of
the correspondence within 20 days . . . .") (emphasis added).
However, there is no private right of action for violations of the
section 2603 disclosure requirements.  Bloom v. Martin, 865 F. Supp.
1377, 1384 (N.D. Cal. 1994) (finding that Congress did not intend to

13

create a private right of action for violations of Section 2603),
<u>aff'd</u>, 77 F.3d 318 (1996).  Further, the disclosure provisions of
RESPA that do confer a private right of action do not pertain to
disclosures at a loan's closing.  <u>Lopez</u>, 2009 WL 4505919, at *3.
Therefore, Plaintiffs' allegation that Litton Loan and Argent failed
to comply with RESPA's disclosure requirements is dismissed with
prejudice.

Plaintiffs also allege that Litton Loan and Argent violated
various requirements imposed by section 2605 of RESPA.  Specifically,
Plaintiffs plead while they "are not certain at this time exactly
which of the named Defendants was actually the servicer of [their]
[l]oan at any given time . . . [p]ursuant to 12 U.S.C. §§ 2605(b) and
2605(c), . . . Argent and Litton had a statutory obligation to notify
Plaintiffs, within 15 days, of the assignment, sale, or transfer of
the servicing rights to Plaintiffs' loans." (SAC ¶ 101.)  Plaintiffs
also allege that Litton Loan and Argent "failed to provide Plaintiffs
with notice of the assignment, sale, or transfer of servicing rights
to Plaintiffs' loan." (<u>Id.</u>)  Plaintiffs further allege Litton Loan
and Argent violated section 2605(e)(2)-(3).  (<u>Id.</u> ¶¶ 101, 104-106.)

Section 2605(f) imposes liability on loan servicers for
actual and statutory damages for failure to comply with section 2605.
12 U.S.C. § 2605(f).  Specifically, section 2605(f) provides:

> Whoever fails to comply with any provision of
> [section 2605] shall be liable to the borrower for
> each such failure to the following amounts . . . .
> In the case of any action by an individual, an
> amount equal to the sum of − (A) any actual damages
> to the borrower as a result of the failure; and (B)
> any additional damages, as the court may allow, in
> the case of a pattern or practice of noncompliance
> with the requirements of this section, in an amount
> not to exceed $1,000.

12 U.S.C. § 2605(f)(1)(A), (B).

Plaintiffs do not allege either that Litton Loan or Argent engaged in a "pattern or practice of noncompliance" and therefore have not stated a claim for statutory damages. See Lal v. Am. Home Servicing, Inc., No. 2:09-cv-01585 MCE-DAD, --- F. Supp. 2d ----, 2010 WL 225524, at *4 (E.D. Cal. Jan. 19, 2010) (stating that "[t]o recover statutory damages, Plaintiffs must plead some pattern or practice of noncompliance with RESPA."). Further, while section 2605(f)(1)(A) "does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim [for actual damages under section 2605 of RESPA]." Pok, 2010 WL 476674, at *5 (quoting Allen v. United Fin. Mortg. Corp., 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009)). "[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff[s] must, at a minimum, also allege that the breach resulted in actual damages." Id. (quoting and citing Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)); see also Lal, 2010 WL 225524 at *4 (finding that a plaintiff alleging a RESPA claim under section 2605 must allege a loss related to the RESPA violation); Allen, 660 F. Supp. 2d at 1097 (requiring plaintiff to allege pecuniary loss to state a RESPA claim for actual damages); Singh v. Washington Mut. Bank, No. C-09-2771 MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim since "plaintiffs have failed to allege they suffered any actual damages as a result" of defendants' alleged RESPA violation). This pleading requirement, however, is interpreted liberally. Yulaeva v. Greenpoint Mortg. Funding, Inc., No. CIV S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009).

Nonetheless, "the loss alleged must be related to the RESPA violation itself." <u>Lal</u>, 2010 WL 225524, at *4.  Further, "simply having to file suit [does not suffice] as a harm warranting actual damages.  If such were the case, every RESPA suit would inherently have a claim for damages built in."  <u>Id.</u>

Here, Plaintiffs merely allege that as a result of Litton Loan and Argent's alleged RESPA violations, "they have suffered and continue to suffer damages and costs of suit."  (SAC ¶ 107.)  "Even under a liberal pleading standard for harm, this level of generality fails."  <u>Pok</u>, 2010 WL 476674, at *5 (finding same allegation of harm insufficient to state a section 2605 claim for actual damages); <u>see also</u> <u>Lal</u>, 2010 WL 225524, at *4 (stating that "simply having to file suit [does not] suffice" to state a section 2605 claim for actual damages).  Accordingly, Litton Loan and Argent's motion to dismiss this claim is granted.

Finally, Plaintiffs allege Argent violated Section 2607 "by receiving 'kickbacks' or referral fees disproportional to the work performed."  (SAC ¶ 103.)  However, this bare legal conclusion is unsupported by factual allegations in the remainder of the SAC and is insufficient to state a claim.  Accordingly, this portion of the dismissal motion is granted.

**E.   Plaintiffs' Breach of Fiduciary Duty Claim**

Argent seeks dismissal of Plaintiffs' breach of fiduciary duty claim, arguing it does not owe Plaintiffs a fiduciary duty.  (Argent Mot. 12:22-13:19.)  Plaintiffs respond, arguing "Argent clearly authorized and directed Crawley and American Discount's conduct with respect to Plaintiffs' loan."  (Opp'n to Argent Mot. 16:14-15.)

1        To state a claim for breach of fiduciary duty, a plaintiff
2   must show: (1) the existence of a fiduciary relationship; (2) the
3   breach of that relationship; and (3) damage proximately caused by the
4   breach.  Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003).
5   However, "[a]bsent special circumstances . . . a loan transaction is
6   [an] at arms-length [transaction] and there is no fiduciary
7   relationship between the borrower and lender."  Oaks Mgmt. Corp. v.
8   Superior Court, 145 Cal. App. 4th 453, 466 (2006).  "A commercial
9   lender is entitled to pursue its economic interest in a loan
10  transaction.  This right is inconsistent with the obligations of a
11  fiduciary, which require that the fiduciary knowingly agree to
12  subordinate its interests to act on behalf of and for the benefit of
13  another."  Gonzalez, 2010 WL 144862, at *13.

14        Here, Plaintiffs have not alleged "special circumstances"
15  which could give rise to a fiduciary relationship with Argent.  And
16  "although Plaintiff[s] ha[ve] alleged that [Argent] offered the
17  brokers incentives to act in ways that furthered [Argent's] interest,
18  there is no allegation indicating that [Argent] gave the brokers
19  identified here the authority to represent or bind [Argent] or that
20  [Argent] took some action that would have given the Plaintiff[s] the
21  impression that such a relationship existed."  Id. at *10.  Further,
22  Plaintiffs "do[] not explain the sense in which [Argent] directed or
23  authorized [the broker's] conduct."  Id.  Plaintiffs, therefore, have
24  not pleaded facts demonstrating that Argent owed Plaintiffs a
25  fiduciary duty which could give rise to a claim for breach of that
26  duty.  Accordingly, Plaintiffs' breach of fiduciary duty claim against
27  Argent is dismissed.
28  //

**F.   Plaintiffs' Fraud Claim**

Argent, Litton Loan, and U.S. Bank each argue Plaintiffs' fraud claim should be dismissed because Plaintiffs' complaint fails to comply with the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  Plaintiffs argue they have satisfied Rule 9(b)'s requirements.

Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996).  A claim for fraud in federal court, however, must satisfy Rule 9(b)'s particularity requirements.  See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.  The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."  Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993) (quotations and citations omitted).

Plaintiffs allege in their fraud claim that Defendants Crawley, Zummo, and American Discount made false representations to Plaintiffs at the inception of the loan transaction regarding interest rates, financing options, the availability of refinancing and Plaintiffs' qualifications for the loan.  (SAC ¶ 122.)  Plaintiffs also allege "[Argent] regularly trained, directed, authorized and participated with mortgage brokers to implement this fraudulent scheme."  (Id. ¶ 123.)  Plaintiffs further allege "Litton

misrepresented to Plaintiffs that [it] has the right to collect monies from Plaintiffs . . . ."  (Id. ¶ 124.)

Plaintiffs' fraud claim clearly fails to satisfy the requirements of Rule 9(b).  Although Plaintiffs allege Defendants Crawley, Zummo, and American Discount made false representations at the inception of Plaintiffs' loan transaction, Plaintiffs fail to adequately allege how Argent, Litton Loan, or U.S. Bank are responsible for those alleged misrepresentations.  Further, Plaintiffs' allegations do not include the time, date, place, or benefits resulting from the allegedly fraudulent activity.  Since Plaintiff's fraud claim against Argent, Litton Loan, and U.S. Bank fails to satisfy Rule 9(b), it is dismissed.

**G.   Plaintiffs' Claim for Breach of Contract, or in the alternative, Rescission**

Argent argues Plaintiffs' claim for "breach of contract, or in the alternative, rescission" should be dismissed since, inter alia, Plaintiffs have failed to allege a breach of contract with Argent. (Argent Mot. 16:17-18.)  Plaintiffs respond "Argent is subject to the promises made and actions taken by Crowley regarding the loan, and subsequently the note."  (Opp'n to Argent Mot. 20:24-26.)

To state a claim for breach of contract under California law, a plaintiff "must plead and prove (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to Plaintiffs."  Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1352 (2009).

Plaintiffs allege they "entered into an agreement with Defendants Argent, American Discount, Crawley, and Zummo, whereby Defendants promised to provide Plaintiff with an affordable loan" and

these Defendants breached the agreement by "failing to provide
Plaintiff with an affordable loan." (SAC ¶¶ 144, 146.) However,
earlier in their complaint, Plaintiffs allege that it was Defendant
Crawley who told them that he could get him the "best deal" and the
"best interest rates" and that if the loan became unaffordable, it
could be refinanced. (Id. ¶¶ 28-29.) Plaintiffs have not alleged
that these oral promises made by Crawley were incorporated into their
loan agreement with Argent or that Argent was aware of or agreed to
those terms. Plaintiffs, therefore, have not demonstrated that their
loan agreement with Argent included the promises that were allegedly
breached. Accordingly, Plaintiffs' breach of contract claim against
Argent cannot survive Argent's dismissal motion. See Logan v. Resmae
Mortg. Corp., No. 2:09-cv-016132-MCE-GGH, 2009 WL 5206716, at *4 (E.D.
Cal. Dec. 24, 2009) (dismissing breach of contract claim with same
allegations). Therefore, Plaintiffs' breach of contract claim is
dismissed.

"Additionally, rescission is a form of remedy, not a claim
under the law." In re Zoran Corp. Derivative Litig., 511 F. Supp. 2d
986, 1019 (N.D. Cal. 2007). Therefore, Plaintiffs' "rescission" claim
is dismissed with prejudice.

**H.   Plaintiffs' Breach of Implied Covenant of Good Faith and Fair
       Dealing Claim**

Argent also argues Plaintiffs' breach of the implied
covenant of good faith and fair dealing claim should be dismissed
since "Argent had no duty of care to Plaintiff[s] as a matter of law."
(Argent Mot. 17:3-28.) Plaintiffs rejoin, arguing Argent is "guilty
of not dealing in good faith . . . [and] self-dealing." (Opp'n to
Argent Mot. 22:3-4.)

1       "Generally, every contract, . . . imposes upon each party a

2  duty of good faith and fair dealing in its performance and its

3  enforcement." <u>McClain v. Octagon Plaza, LLC</u>, 159 Cal. App. 4th 784,

4  799 (2008) (quotations and citations omitted).

5           [T]he implied covenant operates to protect the
            express covenants or promises of [a] contract.  In
6           essence, the covenant is implied as a *supplement* to
            the express contractual covenants, to prevent a
7           contracting party from engaging in conduct which
            (while not technically transgressing the express
8           covenants) frustrates the other party's rights to
            the benefits of the contract.
9

10 <u>Id.</u> at 806 (quotations and citations omitted) (emphasis in original).

11 Therefore, the implied covenant "cannot impose substantive duties or

12 limits on the contracting parties beyond those incorporated in the

13 specific terms of [the parties] agreement."  <u>Id.</u>

14      Under California law, "no cause of action for the tortious

15 breach of the implied covenant of good faith and fair dealing can

16 arise unless the parties are in a 'special relationship' with

17 'fiduciary characteristics.'"  <u>Pension Trust Fund v. Fed. Ins. Co.</u>,

18 307 F.3d 944, 955 (9th Cir. 2002) (applying California law) (citing

19 <u>Mitsui Mfrs. Bank v. Superior Court</u>, 212 Cal. App. 3d 726, 730

20 (1989)).  "A central test of whether a lender is subject to this tort

21 is whether there is a fiduciary relationship in which the financial

22 dependence or personal security by the damaged party has been

23 entrusted to the other."  <u>Id.</u> (quotations and citations omitted).

24 Further, the implied covenant "does not require parties to negotiate

25 in good faith prior to any agreement."  <u>McClain</u>, 159 Cal. App. 4th at

26 799.

27

28

Plaintiffs' SAC alleges "a duty of good faith and fair dealing was implied by law into the contract at issue in this action" and:

> Defendants . . . breached the duty of good faith and fair dealing by: (a) [f]ailing to pay at least as much regard to Plaintiffs' interests as to Defendants' interests; (b) failing to disclose to Plaintiffs the true nature of the loan that is the subject of this action; (c) failing to give Plaintiffs the requisite notice and disclosures; [and] [d]irecting Plaintiffs into a toxic loan.

(SAC ¶¶ 152-154.)  Plaintiffs' claim, however, fails since they have not alleged what contract forms the basis of their claim; nor have they identified any express provision which has been frustrated by Argent's conduct.  Further, Plaintiffs have not alleged the existence of any "special relationship" with Argent to invoke the implied covenant.  Therefore, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing against Argent is dismissed.

## I.   Plaintiffs' Unfair Competition Claims

Argent and Litton Loan each seek dismissal of Plaintiffs' claim in which Plaintiffs allege violation of California Business and Professions Code section 17200 ("UCL"), arguing "Plaintiffs have not alleged any viable claims, i.e. predicates, for relief against Argent."  (Argent Mot. 15:19-20; Defs.' Mot. 19:19-23.)  However, Plaintiffs' Rosenthal Act and TILA rescission claims survive these Defendants' motions.  Neither Litton Loan nor Argent has shown why Plaintiffs' UCL claim should otherwise fail, and therefore this portion of each dismissal motion is denied.

U.S. Bank also seeks dismissal of Plaintiffs' UCL claim, arguing since "none of Plaintiffs' claims are actionable as a matter

of law," Plaintiffs "cannot state a UCL claim." (Defs.' Mot. 19:19-23.)  Plaintiffs' UCL claim is entirely premised upon the other claims they allege in their complaint, all of which fall to state a claim against U.S. Bank.  Since none of Plaintiffs' claims against U.S. Bank are viable, by necessity, the UCL claim alleged against U.S. Bank must also fail.  Therefore, Plaintiffs' UCL claim against U.S. Bank is dismissed.

**J.   Plaintiffs' Wrongful Foreclosure Claim**

Lastly, Litton Loan and U.S. Bank each seek dismissal of Plaintiffs' wrongful foreclosure claim, arguing "possession of the original note is not a prerequisite to non-judicial foreclosure"; Plaintiffs were provided with proper notice under California Civil Code section 2924(a)(1).  (Defs.' Mot. 13:1-14:28.)  Plaintiffs respond Defendants are "statutorily required to produce the note." (Plts.' Opp'n 13:10.)  Plaintiffs further argue these Defendants have not complied with California Civil Code section 2924 or California Commercial Code sections 3301 and 3309.  (Id. 13:19-15:10.)

Plaintiffs allege in their SAC "Defendants Litton, U.S. Bank, and Quality, were not, and are not, in possession of the Note, are not beneficiaries, assignees, or employees of the person or entity in possession of the Note" and therefore "are not 'persons entitled to enforce' the security interest on the Property" under California Commercial Code section 3301 and California Civil Code § 2924 et seq. (SAC ¶¶ 161-162.)  Further, Plaintiffs allege "[g]iven that none of the named Defendants ever acquired a right to enforce the Note and Deed of Trust" they have "recorded defective Notices of Default and Notices of Trustee's Sale, in direct violation of . . . California Civil Code § 2923.5."  (Id. ¶ 164.)

California Civil Code sections 2924 through 2941 govern non-judicial foreclosures initiated under a deed of trust.  "California courts have consistently held that the Civil Code provisions 'cover every aspect' of the foreclosure process and are 'intended to be exhaustive.'"  Morgera, 2010 WL 160348, *7 (citing I.E. Associates v. Safeco Title Ins. Co., 39 Cal. 3d. 281, 285 (1985) & Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994)); see also Castaneda, 2009 WL 4640673, at *7 (finding the California Commercial Code inapplicable to non-judicial foreclosure because the "comprehensive statutory framework . . . is intended to be exhaustive" (quotations and citations omitted)).  Therefore, "Plaintiff[s'] reliance on Cal. Comm. Code § 3301 is misplaced" and Plaintiffs' allegations under that section are insufficient to state a wrongful foreclosure claim. Morgera, 2010 WL 160348, at *7 (finding California Commercial Code section 3301 inapplicable to non-judicial foreclosure proceedings).

Under California Civil Code section 2924(a)(1), a non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents . . . ."  Cal. Civ. Code § 2924(a)(1).  However, contrary to Plaintiffs' assertions, the party initiating the foreclosure process need not be in possession of the note.  See Quintero Family Trust v. Onewest Bank, F.S.B., No. 09-CV-1516-IEG (WVG), 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2009) (stating that "under California law there is no requirement for production of the original note to initiate nonjudicial foreclosure proceedings"); Morgera, 2010 WL 160348, at *7 (finding that "[t]here is no requirement that the party initiating non-judicial foreclosure proceedings be in possession of the original note"); Champlaie, 2009 WL 3429622, at *14 (concluding that "neither possession of the

1  promissory note nor identification of the party in possession is a

2  pre-requisite to non-judicial foreclosure); Castaneda, 2009 WL

3  4640673, at *7 (finding that "[u]nder California law, there is no

4  requirement for the production of the original note to initiate a non-

5  judicial foreclosure").  Therefore, Plaintiffs' allegation that

6  Defendants are not in possession of the note does not state a wrongful

7  foreclosure claim.  Accordingly, Plaintiffs' wrongful foreclosure

8  claim against Defendants Litton Loan and U.S. Bank is dismissed.

9                          **V.   Conclusion**

10           For the stated reasons, Defendants' motions to dismiss

11  (Docket Nos. 35, 38) are GRANTED IN PART and DENIED IN PART.

12  Plaintiffs, however, are granted leave to amend any claim that has

13  been dismissed without prejudice.  Any amended pleading shall be filed

14  within fourteen (14) days of the date on which this order is filed.

15  Dated:  May 13, 2010

16

17  _____

18  GARLAND E. BURRELL, JR.
    United States District Judge

19

20

21

22

23

24

25

26

27

28