IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURT GUMBS and KHEA GUMBS,       )
                                  )
            Plaintiffs,           )   2:09-cv-01159-GEB-GGH
                                  )
      v.                          )   <u>ORDER GRANTING DEFENDANTS'</u>
                                  )   <u>MOTIONS TO DISMISS AND DENYING</u>
LITTON LOAN SERVICING; ARGENT     )   <u>DEFENDANT'S MOTION TO STRIKE</u>*
MORTGAGE COMPANY, LLC; U.S. BANK  )
NATIONAL ASSOCIATION, AS TRUSTEE  )
FOR THE C-BASS MORTGAGE LOAN      )
ASSET-BACKED CERTIFICATES, SERIES )
2006-CB8; QUALITY LOAN SERVICE    )
CORP.,                            )
                                  )
            Defendants.           )
_____)

        This order addresses three pending motions: Defendants U.S.

Bank National Association as Trustee for the C-BASS Mortgage Loan

Asset-Backed Certificates, Series 2006-CB8 ("U.S. Bank") and Litton

Loan Servicing's ("Litton Loan") motion to dismiss Plaintiffs' third

amended complaint for failure to state a claim upon which relief can

be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6);

Defendant Argent Mortgage Company, LLC's ("Argent") Rule 12(b)(6) to

_____

        *    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

dismiss; and Argent's motion to strike portions of Plaintiffs' third amended complaint under Rule 12(b)(f).  Plaintiffs filed an opposition to the dismissal motions.  For the following reasons, Defendants' motions to dismiss are granted, and Argent's motion to strike is denied.

## I.  FACTUAL ALLEGATIONS AND PLAINTIFFS' CLAIMS

Argent was the original lender for the residential mortgage on Plaintiffs' property located at 1557 Sophie Lane, Escalon in San Joaquin County, California.  (Third Amended Compl. ("TAC") ¶ 6.) Plaintiffs do not allege the date on which the loan was consumated.

Plaintiffs allege the following four claims: (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"); (2) violation of the California Rosenthal Act, California Civil Code sections 1788, *et seq.*; (3) breach of the implied covenant of good faith and fair dealing; and (4) an unfair competition in violation of California Business and Professions Code section 17200.

## II.  Legal Standard

### A.  Motion to Dismiss

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." <u>Champlaie v. BAC Home Loans Servicing, LP</u>, 2009 WL 3429622, at *1 (E.D. Cal. 2009).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief  . . . ."  Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.

2

Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citations omitted).

### B.  Motion to Strike

Under Rule 12(f) a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief" while "impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Boles v. Merscorp, Inc., 2009 WL 734135, at *2 (C.D. Cal. 2009).

### III.  Analysis

### A.  Motions to Dismiss

### 1.  Plaintiffs' Rosenthal Act Claim

Argent argues Plaintiffs' Rosenthal Act claim should be dismissed because "the entire cause of action is vague and conclusory, and devoid of any factual allegations pertaining to Argent." (Argent

Mot. to Dismiss ("Argent Mot.") 3:16-17.)  Litton Loan and U.S. Bank also seek dismissal of Plaintiffs' Rosenthal claim, arguing it "fails to allege each particular defendant's wrongful conduct.  These defendants argue Plaintiffs' Complaint lumps all defendants together without specifying why each is being sued." (Litton Loan and U.S. Bank's Mot. to Dismiss ("Litton and U.S. Bank Mot.") 7:27-8:1.) Plaintiffs counter they "have pled facts sufficient to support this cause of action." (Plts.' Opp'n 3:19.)

The Rosenthal Act serves "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Arikat v. JPMorgan Chase & Co., 430 F. Supp. 2d 1013, 1026 (N.D. Cal. 2006) (citing Cal. Civil Code § 1788.1(b)).  However, the Act only governs the conduct of a "debt collector," which under the statute is defined as "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself . . . engages in debt collection." Cal. Civ. Code § 1788.2.

Plaintiffs allege Defendants "are debt collectors" and that "Defendants used unfair and unconscionable means in an attempt to collect the debt." (TAC ¶¶ 30, 35.)  However, Plaintiffs fail to allege which debt Defendants allegedly attempted to collect, the amount of the debt, and which Defendant attempted to collect the debt. Plaintiffs' allegations "are too vague to give rise to [a reasonable] inference that a specific defendant has violated" the Rosenthal Act. Arikat, 430 F. Supp. 2d at 1027 (dismissing as too vague, Rosenthal Act claim that alleged all violations against all defendants without specifying each defendant's individual conduct).  Accordingly, each

1  Defendant's motion to dismiss Plaintiffs' Rosenthal Act claim is
2  granted.  Since this is Plaintiffs' third attempt to allege a
3  Rosenthal Act claim, and Plaintiffs have failed to identify in their
4  opposition how they will cure the deficiencies of this claim in a
5  fourth amended complaint, granting leave to amend would be futile.
6  Therefore, Plaintiffs' Rosenthal Act claim alleged against U.S. Bank,
7  Litton Loan, and Argent is dismissed with prejudice.

8
9  **2.  Plaintiffs' Breach of the Implied Covenant of Good Faith and Fair
   Dealing Claim**

10         Defendants argue Plaintiffs' breach of the implied covenant
11  of good faith and fair dealing claim should be dismissed since
12  Plaintiffs have not pleaded the requisite facts to sustain the claim.
13  (Litton and U.S. Bank Mot. 9:22-28; Argent Mot. 4:19-27.)  Plaintiffs
14  respond "[w]hile Plaintiff[s] admit[] that this cause of action
15  probably does not survive in tort, it should survive in its derivative
16  nature in contract."  (Plts.' Opp'n 5:10-11.)

17         "Generally, every contract, . . . imposes upon each party a
18  duty of good faith and fair dealing in its performance and its
19  enforcement."  McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784,
20  798 (2008) (internal citations and quotations omitted).

21         [T]he implied covenant operates to protect the
           express covenants or promises of [a] contract.  In
22         essence, the covenant is implied as a *supplement* to
           the express contractual covenants, to prevent a
23         contracting party from engaging in conduct which
           (while not technically transgressing the express
24         covenants) frustrates the other party's rights to
           the benefits of the contract.
25
26  Id. at 806.  However, the implied covenant "cannot impose substantive
27  duties or limits on the contracting parties beyond those incorporated
28  in the specific terms of the agreement."  Id.

1  Plaintiffs allege "Plaintiff [sic] and Defendant had a
2  written contract wherein Defendant would service a mortgage for
3  Plaintiff's [sic] property."  (TAC ¶ 39.)  Plaintiffs fail to identify
4  against which Defendant this claim is alleged.  Further, Plaintiffs
5  have not alleged what contract forms the basis of their claim; nor
6  have they identified any express provision that has been frustrated by
7  a Defendant's conduct.  Therefore, Defendants' motions to dismiss
8  Plaintiffs' breach of the implied covenant of good faith and fair
9  dealing claim are granted.  Since this is Plaintiffs' third attempt to
10  allege this claim, and Plaintiffs have failed to identify in their
11  opposition how they will cure the deficiencies of this claim in a
12  fourth amended complaint, granting leave to amend would be futile.
13  Therefore, Plaintiffs' breach of the implied covenant of good faith
14  and fair dealing claim alleged against U.S. Bank, Litton Loan, and
15  Argent is dismissed with prejudice.

16  **3.  Plaintiffs' Unfair Competition Law Claim**

17  Each Defendant seeks dismissal of Plaintiffs' Unfair
18  Competition Law (the "UCL") claim, arguing it is no longer viable
19  after the dismissal of the predicate Rosenthal Act and breach of the
20  implied covenant of good faith and fair dealing claims.  (Litton and
21  U.S. Bank Mot. 13:26-28, 14:1-3; Argent Mot. 5:6-9.)  The UCL
22  "prohibits specific practices which the legislature has determined
23  constitute unfair trade practices."  Cal-Tech Commc'ns. Inc. v. L.A.
24  Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999) (quotations and
25  citations omitted).  "[A]n action based on [the UCL] to redress an
26  unlawful business practice 'borrows' violations of other laws and
27  treats these violations . . . as unlawful practices, independently
28  actionable under section 17200 et seq. and subject to the distinct

remedies provided thereunder." <u>Farmers Ins. Exch. v. Superior Court</u>, 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted). "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Khoury v. Maly's of California, Inc.</u>, 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs' UCL claim is entirely premised upon Plaintiffs' Rosenthal Act and breach of the implied covenant of good faith and fair dealing claims, which fail to state a claim against U.S. Bank, Litton Loan, or Argent. Since these claims are no longer viable, by necessity, the UCL claim must also fail. Therefore, Plaintiffs' UCL claim alleged against these Defendants is dismissed with prejudice.

### B.  Motion to Strike

Argent moves to strike Plaintiffs' request for damages alleged under Plaintiffs' TILA claim, Plaintiffs' request for attorneys' fees, and Plaintiffs' prayer for punitive damages. However, Argent has not shown that these allegations are "redundant, immaterial, impertinent, or scandalous matter" that should be stricken under Rule 12(f). Therefore, Argent's motion to strike is denied.

### IV. Conclusion

For the stated reasons, Defendants' motions to dismiss (Docket Nos. 56, 57) are granted. Plaintiffs' Rosenthal Act, breach of the implied covenant of good faith and fair dealing, and UCL claims alleged against U.S. Bank, Litton Loan, and Argent are each dismissed with prejudice and U.S Bank and Litton Loan are no longer parties in

///

///

this action.  Further, Argent's motion to strike (Docket No. 55) is denied.

Dated:  August 24, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge